PETERSON, Judge.
State of Florida, ex rel. Department of Insurance of the State of Florida (the Fund),[1] appeals the dismissal of its complaint against Countryside Health Services, Inc. (Countryside). The reason given for the dismissal was that the statute of limitations barred the Fund, a worker’s compensation policy fund, from collecting a special assessment from Countryside for service years 1986 through 1993. We reverse and remand for further proceedings.
The Fund was organized under applicable statutes and rales for the purpose of pooling liability for worker’s compensation claims. The pooling arrangement requires members to initially contribute funds to a pool established for each year, the amount of which is established by an estimate of the liability for worker’s compensation claims applicable to that year. Countryside terminated its membership in the Fund in 1993 after participating in the pool since 1986, As part of its membership agreement, Countryside entered into an indemnity agreement with the Fund in which it agreed to become jointly and severally obligated to pay premiums and assessments sufficient to cover claims against the Fund.
On March 20, 1997, the Fund informed Countryside that unfunded claims liabilities existed for fund years 1986 through 1990, and that its pro-rata share of these obligations totaled $53,543. When Countryside failed to respond with a payment, the Fund initiated this litigation on June 12, 1997. Countryside moved to dismiss the Fund’s complaint alleging that, “from the four corners of the complaint, the statute of limitations bars the plaintiffs claim” and that, “[t]he plaintiffs claim did not accrue within the time prescribed by law and must be dismissed accordingly.” The trial court agreed with Countryside and dismissed the Fund’s complaint with prejudice. The Fund appealed.
The Fund’s complaint alleges that its agreement with Countryside was “an execu-tory contract for so long as worker’s compensation claims remain open as to any fund year during which [Countryside] was a participating member....” We agree. It would be impossible to ascertain the complete extent of a pool member’s liability for any given year until (1) all timely claims against the fund are ascertained, and (2) all claimants have received a final payment. The cause of action that the Fund has against its members or former members for a deficiency for any given year accrues at a date when the claims for that year become liquidated.
Issues of fact remain to determine the date causes of action began to accrue for each of the fund years in question. We vacate the order of dismissal and remand for further proceedings.
*1008 REVERSED; REMANDED FOR FURTHER PROCEEDINGS.
GOSHORN and ANTOON, JJ., concur.

. The interest of Florida Worker’s Compensation Fund was transferred to the Department of Insurance while this appeal was pending.