KLEIN, J.
The issue presented by this appeal is when does a cause of action accrue for purposes of applying the statute of limitations on an insurer’s claim for a final premium based on an audit. We affirm a judgment holding that it is not until the amount is liquidated.
Traveler’s Insurance Company issued Kennedy Contracting, Inc. a worker’s compensation and employer’s liability policy for the period from November 1992 to November 1993. The policy provided that the premium shown was only an estimate and that the final premium would be determined by an audit to be performed three years after the policy ended.
In August, 1994, Traveler’s became aware, through a worker’s compensation claim, that Kennedy may have been classifying its employees as subcontractors, which would have lowered the premium. Traveler’s notified Kennedy in September, 1994 that it wished to audit Kennedy’s books to determine the premium, but Kennedy refused. Traveler’s then estimated a premium of $500,000 and billed Kennedy *1265 this amount. Kennedy appealed that premium amount administratively, and Traveler’s appealed Kennedy’s refusal to submit to an audit. Ultimately Kennedy was ordered to submit to the audit, and after conducting the audit, Traveler’s concluded it was owed an additional premium of $250,000. Kennedy challenged this amount administratively which resulted in a ruling in April, 1998 that the additional premium would be $90,595.
After Kennedy refused to pay, Traveler’s filed this suit and Kennedy raised the five year statute of limitations for breach of written contract, section 95.11(2)(b), Florida Statutes.
Kennedy argues that the cause of action accrued in August, 1994 when Traveler’s became aware that Kennedy was classifying employees as subcontractors, but cites no authority which would support its position. Traveler’s relies on State ex rel. Department of Insurance v. Countryside Health Services, 719 So.2d 1006 (Fla. 5th DCA 1998), in which members contributed, under a pooling arrangement, for protection against liability for worker’s compensation claims. The members initially contributed an estimated amount, agreeing to indemnify the fund after the year was over and an assessment was made based on actual claims paid. The fifth district held that the fund’s cause of action against a member did not accrue until the amount of the liability for the years of membership became liquidated. We agree with that decision. Applying it, we conclude that Traveler’s suit in this case was timely and affirm.
MAY, J., and HOROWITZ, ALFRED J., Associate Judge, concur.